May Term, 1854.

RUDMAN v. RUDMAN.

---

## RUDMAN v. RUDMAN.

Where the record presents a question as to the weight of evidence alone, and there is testimony from which sufficient evidence to sustain the judgment can be clearly deduced, the Supreme Court will not, except in extreme cases, disturb the finding of the tribunal before which the cause was heard.

Petition by a wife for a divorce, on account of cruel treatment, &c. Decree in her favor, and for 1,180 dollars for alimony. It was shown at the trial that the husband owned real and personal estate of the value of between 4,000 and 5,000 dollars, and there was testimony from which the Court might reasonably have concluded that the husband had been guilty of grossly improper conduct, and habitual abuse and cruelty. *Held*, that the alimony was not, under the circumstances, excessive.

May Term,   ERROR to the *Franklin* Circuit Court.
1854.       HOVEY, J.—*Mary Ann Rudman* filed her petition for a
RUDMAN      divorce from her husband *Joseph Rudman*, alleging abuse,
v.          misconduct, vulgarity and impotency, and praying for
RUDMAN.     alimony.
Tuesday,
May 23.     The defendant answered, denying the petition, and al-
leging, by way of cross bill, causes of divorce against the
petitioner.

At the *February* term, 1852, the Court decreed a divorce,
upon the petition, and alimony to the amount of 1,180
dollars, payable by instalments.

The defendant brings the case into this Court, and
insists that under the evidence alimony should not be
allowed.

The testimony on behalf of the petitioner, sustains the
charges in the petition, with the exception of impotency;
and the testimony adduced upon the part of the defendant,
shows negligence, ill temper, and neglect of household du-
ties, upon the part of the wife; but we do not think her
conduct of such a character as to entitle the husband to a
divorce, or to justify his treatment to her. It might, and
probably would have been very different, had his conduct
been such as it should have been.

There is some conflict of testimony, and an attempt to
impeach the principal witness for the petitioner; but her
testimony is corroborated, in many particulars, by other wit-
nesses both of the petitioner and defendant; and we think
the Court before which this case was heard, had far better
means of judging of the character of the evidence than we
have, and that we would be adopting an unwise and an
unsafe rule, to weigh evidence in this Court by the number
of the witnesses.

Where the record presents a question as to the weight of
evidence alone, and there is *testimony*, from which sufficient
*evidence* to sustain the judgment can be clearly deduced,
we think we should not, except in extreme cases, disturb
the finding of the tribunal before which the cause was
heard.

It is shown that the defendant was the owner of real

and personal estate of the value of between 4,000 and 5,000 dollars; and as there was sufficient testimony from which the Circuit Court might reasonably conclude that the defendant had been guilty of grossly improper conduct, and habitual abuse and cruelty, it was proper to render the decree upon the petition.

The Court had the power in such a case, to decree just and reasonable alimony, and we can not say, under the circumstances, that the amount allowed was excessive.

*Per Curiam.*—The decree is affirmed, with 5 per cent. damages and costs.

*G. Holland*, for the plaintiff.

*J. Ryman* and *J. D. Howland*, for the defendant.